SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX
----------------------------------------X
LUZ M. VEGA, AN INFANT, BY HER PARENT AND
NATURAL GUARDIAN, MANUELA VALENTIN,
AND MANUELA VALENTIN, INDIVIDUALLY,

                        Plaintiff(s)

-against-

THE BRONX-LEBANON HOSPITAL CENTER,
ILIANA ROBINSON, M.D.,

                        Defendant(s)
----------------------------------------X

Index No.

VERIFIED COMPLAINT

1. Plaintiffs, through their attorneys, Fitzgerald & Fitzgerald, P.C., allege, upon information and belief, the following:

## THE PARTIES

2. Plaintiff, LUZ M. VEGA, is an Infant.

3. Plaintiff MANUELA VALENTIN is an adult over the age of eighteen (18) and is the parent/natural guardian of the infant plaintiff.

4. Plaintiffs herein reside at 806 Westchester Avenue, County of The Bronx, State of New York.

5. Defendant THE BRONX-LEBANON HOSPITAL CENTER (hereinafter "hospital" or "the hospital",) was and still is, a hospital existing under and by virtue of the laws of the State of New York, with its principal place of business located at 1650 Grand Concourse, County of The Bronx, State of New York.

6. Defendant ILIANA ROBINSON, M.D., (hereinafter "ROBINSON",) was and still is, a physician duly licensed to practice medicine in the State of New York, and did so practice at the hospital at all times hereinafter referred.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF INFANT
### FOR PERSONAL INJURIES

7. Defendants undertook to attend and provide medical care for plaintiffs in a reasonable, proper and skillful manner.

8. Defendant ILIANA ROBINSON, M.D., was the attending physician as to the care rendered to Plaintiffs at the defendant hospital at the time and place herein.

9. Defendants and their agents, and/or employees were negligent and committed malpractice in their treatment of plaintiffs.

10. Plaintiff LUZ M. VEGA sustained severe and permanent injuries as a result of the negligence and malpractice of defendants.

11. The injuries and damages sustained by plaintiff were caused solely by the negligence of the defendants, their agents, servants and/or employees without any negligence on the part of the plaintiff contributing thereto.

12. Plaintiff sustained damages in excess of the jurisdictional limits of all lower courts, which might otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF INFANT
### LACK OF INFORMED CONSENT

13. Defendants, their agents, servants and/or employees performed some and failed to perform other medical treatments and procedures, surgery and/or diagnostic procedures

upon plaintiffs without obtaining the informed consent of the plaintiff MANUELA VALENTIN.

14. Defendants, their agents, servants and/or employees failed to advise the plaintiffs of the risks, dangers and consequences associated with the performance or non-performance of the aforesaid medical treatment, procedure, surgery and/or diagnostic procedures.

15. A reasonably prudent person in the plaintiff's position would not have permitted or allowed or undergone the treatment, procedure, surgery and/or diagnostic procedures and would have chosen a different course of treatment if she had been fully informed of the risks, dangers and consequences.

16. As a result of the aforesaid medical treatment and procedures, surgery and/or diagnostic procedures being withheld or performed upon the plaintiff, without the plaintiff's informed consent, plaintiffs were personally damaged.

17. Such lack of informed consent is a proximate cause of plaintiff's damages for which relief is sought herein.

18. Plaintiffs sustained severe and permanent injuries as a result of the defendants' failure to obtain an informed consent.

19. The injuries and damages sustained by plaintiffs were caused solely by the negligence of the defendants, their agents, servants and/or employees without any negligence on the part of the plaintiffs contributing thereto.

20. Plaintiffs sustained damages in excess of the jurisdictional limits of all lower courts, which might otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION
### DERIVATIVE CLAIM ON BEHALF OF
### PARENT AND NATURAL GUARDIAN

21. As a result of the injuries sustained by the infant due to the defendant's negligence, plaintiff, MANUELA VALENTIN, the infant's mother and guardian, has incurred expenses and obligations and lost the society and services of the infant plaintiff.

22. The infant has required extraordinary care as a result of defendants' negligence. Said extraordinary care was provided by the plaintiff. The defendant is liable to the plaintiff in damages for the fair and reasonable value of the services comprising such extraordinary care, rendered by the plaintiff to the infant plaintiff.

23. Plaintiff parent and natural guardian is entitled to the fair value of the extraordinary care and for damages sustained in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### STATEMENT REGARDING EXCEPTIONS IN CPLR ARTICLE 1602

28. One or more of the exceptions in CPLR 1602, including but not limited to subsection 2 (iv) and 7 are applicable to all causes of action and defendants are jointly and severally liable with all other tortfeasors whether parties to this action or not.

WHEREFORE plaintiff(s) demand judgment against the defendant(s) for damages in excess of the jurisdictional limits of all lower courts on each of the causes of action, with interest, costs and disbursements as permitted by law.

Date: February 24, 2004

FITZGERALD & FITZGERALD, P.C.
By: Christopher J. Lennon, Esq.
Attorneys for Plaintiffs
538 Riverdale Avenue
Yonkers, NY 10705
(914) 378-1010
Our File No. A02142