UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

MANUELA VALENTIN,

                Plaintiff,

        -against-

THE BRONX-LEBANON HOSPITAL CENTER,
ILIANA ROBINSON,

                Defendants.


------------------------------------------------------------ x

THE BRONX-LEBANON HOSPITAL CENTER,

                Third-Party Plaintiff,

        -against-

MORRIS HEIGHTS HEALTH CENTER,

                Third-Party Defendant.

------------------------------------------------------------ x

**ECF CASE**

07 Civ. 2940 (GEL)

## MEMORANDUM OF LAW IN SUPPORT OF MORRIS HEIGHTS HEALTH CENTER'S MOTION TO DISMISS THE THIRD-PARTY COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Third-Party Defendant
Morris Heights Health Center
86 Chambers Street, 5th Floor
New York, New York  10007
Tel.:  (212) 637-2601

PETER M. SKINNER (PS-9745)
Assistant United States Attorney
      -Of Counsel-

# TABLE OF CONTENTS

PAGE

I.      PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     HISTORY OF LITIGATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      A.      The Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      B.      The Third-Party Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      C.      Morris Heights Was Deemed to Be an Employee of the United States
            at All Times Relevant to the Third-Party Complaint . . . . . . . . . . . . . . . . . . . . . . 3

      D.      Removal to Federal Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      A.      The Doctrine of Derivative Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      B.      The State Court Lacked Jurisdiction Over the Third-Party Complaint
            Against Morris Heights . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      C.      Because the State Court Lacked Jurisdiction Over the Third-Party Complaint,
            This Court Acquired None Upon Removal . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

IV.     CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- x

MANUELA VALENTIN,

                  Plaintiff,

          -against-

                                  **ECF CASE**

THE BRONX-LEBANON HOSPITAL CENTER,     07 Civ. 2940 (GEL)
ILIANA ROBINSON,

                  Defendants.

----------------------------------------------------------- x

THE BRONX-LEBANON HOSPITAL CENTER,

                  Third-Party Plaintiff,

          -against-

MORRIS HEIGHTS HEALTH CENTER,

                  Third-Party Defendant.

----------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF MORRIS HEIGHTS HEALTH CENTER'S MOTION TO DISMISS THE THIRD-PARTY COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

### I. PRELIMINARY STATEMENT

Third-Party Defendant Morris Heights Health Center ("Morris Heights"), by its attorney,

Michael J. Garcia, United States Attorney for the Southern District of New York, respectfully

submits this memorandum of law in support of its motion to dismiss Defendant/Third-Party

Plaintiff Bronx-Lebanon Hospital Center's ("Bronx-Lebanon's") third-party complaint pursuant

to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

Morris Heights removed this tort action from New York State Supreme Court, which did not have subject matter jurisdiction over the third-party complaint against Morris Heights. Under the doctrine of derivative jurisdiction, this Court did not acquire jurisdiction upon removal. Therefore, the Court should dismiss the third-party complaint and remand the remainder of the case to New York Supreme Court.

## II.  HISTORY OF LITIGATION

### A.    The Complaint

Plaintiffs Luz M. Vega, an infant by her mother Manuela Valentin, and Manuela Valentin, individually, commenced this medical malpractice action on or about February 24, 2004, by filing a summons and complaint in the Supreme Court of the State of New York, Bronx County, under index number 13286/04. *See* Declaration of Peter M. Skinner, dated May 25, 2007 ("Skinner Decl."), Ex. A. The Complaint alleges, *inter alia*, that Bronx-Lebanon and Defendant Iliana Robinson, M.D., negligently provided unspecified medical care and treatment to Plaintiffs causing Plaintiffs to suffer "severe and permanent injuries." Compl. ¶¶ 7-20.

### B.    The Third-Party Complaint

On or about February 13, 2006, Bronx-Lebanon filed a summons and third-party complaint in the Supreme Court of the State of New York, Bronx County, under index number 13286/04. Skinner Decl. Ex. B. The Third-Party Complaint alleges, *inter alia*, that Morris Heights provided unspecified medical care to Plaintiff Manuela Valentin from February 1999 through July 1999, and that, if Plaintiffs sustained the damages as alleged in the Complaint, then such damages were caused by Morris Heights's negligence in providing medical care to Plaintiff Manuela Valentin. Third-Party Compl. ¶¶ 5-11. Bronx-Lebanon seeks "contribution and/or

2

indemnification" from Morris Heights.  *Id.* ¶ 11.

**C.    Morris Heights Was Deemed to Be an Employee of the United States at All Times Relevant to the Third-Party Complaint**

Since June 23, 1996, Morris Heights and its employees have been deemed to be federal employees for purposes of medical malpractice actions brought against them for acts that occurred within the scope of their employment.  *See* Public Health Service Act, as amended by the Federally Supported Health Centers Assistance Acts of 1992 and 1995, 42 U.S.C. § 233(g)-(n) ("FSHCAA"); Declaration of Richard G. Bergeron, dated February 4, 2007, ¶ 2.  On April 3, 2007, United States Attorney Michael J. Garcia certified, pursuant to 42 U.S.C. § 233, 28 U.S.C. § 2679, and 28 C.F.R. § 15.4, that Morris Heights was acting within the scope of its federal employment at the time of the incidents giving rise to this action.  *See* Skinner Decl. Ex. C.

**D.    Removal to Federal Court**

On April 12, 2007, this action was removed to federal court.  The Notice of Removal stated that the action "may be removed" to this Court pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2).  *See* Notice of Removal, dated April 12, 2007.  Although those statutes provide that an action "shall be removed" from state court to federal court upon certification of the Attorney General that the defendant was acting within the scope of his or her federal employment at the time of the incidents out which the action arose, they do not provide a basis for removal.  *See* 42 U.S.C. § 233(c); 28 U.S.C. § 2679(d)(2).  Rather, the statutory basis for removal in this case is 28 U.S.C. § 1442, which authorizes removal from state court by "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under

3

color of such office."  28 U.S.C. § 1442(a)(1).

## III.  ARGUMENT

Under the doctrine of derivative jurisdiction, the Court lacks subject matter jurisdiction over the removed third-party complaint because the state court did not have subject matter jurisdiction over that complaint.  The third-party complaint should therefore be dismissed, and the underlying complaint should be remanded to the New York State Supreme Court.  When and if a judgment is entered against Bronx-Lebanon, and the hospital is able to assert a viable claim for contribution and indemnification, the hospital can file an independent action against the United States in federal court (of course, after exhausting its administrative remedies).

### A.    The Doctrine of Derivative Jurisdiction

The doctrine of derivative jurisdiction has its antecedents in *Lambert Run Coal Co. v. Baltimore & Ohio RR. Co.*, 258 U.S. 377 (1922), in which the Supreme Court stated that "[t]he jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction.  If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction."  258 U.S. at 382; *accord Arizona v. Manypenny*, 451 U.S. 232, 243 n.17 (1981); *Minnesota v. United States*, 305 U.S. 382, 389 (1939); *PT United Can Co. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 72-73 (2d Cir. 1998).  Therefore, "[i]t is clear that a federal court's jurisdiction upon removal under 28 U.S.C. § 1442(a)(1) is derivative of the state court jurisdiction, and where the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though in a like suit originally brought in federal court, the court would have had jurisdiction."  *Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998), *cert. denied*, 528 U.S. 826

4

(1999); *accord In re Elko County Grand Jury*, 109 F.3d 554, 555 (9th Cir.) ("because this case was removed from state court pursuant to § 1442, our jurisdiction is derivative of the state court's jurisdiction"), *cert. denied*, 522 U.S. 1027 (1997); *Edwards v. United States Dep't of Justice*, 43 F.3d 312, 315-16 (7th Cir. 1994) ("When a case is removed from a state court pursuant to 28 U.S.C. § 1442, the district court's basis for jurisdiction is only derivative of that of the state court.").  "In other words, the federal court cannot confer subject matter jurisdiction over a case removed under Section 1442 if none existed at the state level."  14C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3727, at 170 (3d ed. 1998).

Although it is clear that 28 U.S.C. § 1441(f), first adopted in different form by Congress in 1985 (the "1985 amendment"), eliminated derivative jurisdiction for cases removed under 28 U.S.C. § 1441, this amendment did not eliminate the doctrine for cases, such as this one, removed under § 1442.  As another court in this district explained, the "contention . . . that 28 U.S.C. § 1441(f) should be read to eliminate the doctrine not only for cases removed under 28 U.S.C. § 1441, but for all cases," is "foreclosed by the plain text and history of the statute." *Barnaby v. Quintos*, 410 F. Supp. 2d 142, 144 (S.D.N.Y. 2005).

The 1985 amendment, originally codified at 28 U.S.C. § 1441(e), provided that:

> The court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.

Judicial Improvements Act of 1985, Pub.L. 99-336 § 3, 100 Stat. 633.  In 2002, however, Congress again amended 28 U.S.C. § 1441, redesignating the paragraph added in the 1985 amendment, 28 U.S.C. § 1441(e), as 28 U.S.C. § 1441(f), and inserting a new subsection (e) (the "2002 amendment").  More importantly, Congress amended the provision's text, replacing "The

5

court to which such civil action is removed" with the words "The court to which a civil action is removed *under this section*." Pub.L. 107-273 § 11020(b)(3)(A), 116 Stat. 1758, 1827 (emphasis added).  As amended in 2002, therefore, 28 U.S.C. § 1441(f) reads:

> The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action was removed did not have jurisdiction over that claim.

28 U.S.C. § 1441(f).  "In amending the statute in 2002, and replacing less precise language with much more specific language, Congress left no doubt that Section 1441(f) applies only to removals under Section 1441 and not to removals under any other section of the United States Code."  *Barnaby*, 410 F. Supp. 2d at 144.

Accordingly, in the absence of a corresponding amendment to other removal provisions, such as 28 U.S.C. § 1442, "virtually every court that has addressed the issue has concluded that the derivative jurisdiction doctrine still applies to removals filed pursuant to 28 U.S.C. § 1442(a)."  *McCarter v. John Hancock Center*, No. 02 C 6121, 2002 WL 31875470, at *3 (N.D. Ill. Dec. 26, 2002).  In fact, every district court in this Circuit to have expressly considered this issue has applied the doctrine of derivative jurisdiction in actions removed pursuant to Section 1442(a).  *Shnetman v. 200 White Plains Road, LLC*, No. 06 Civ. 3819 (LMM), 2006 WL 3016312 (S.D.N.Y. Oct. 20, 2006); *Barnaby*, 410 F. Supp. 2d at 144-45; *Singleton v. Elrac, Inc.*, No. 03 Civ. 4979 (JFK), 2004 WL 2609554, at *1 (S.D.N.Y. Nov. 16, 2004); *Gionfriddo v. Salaf*, 343 F. Supp. 2d 109, 111 (D. Conn. 2004); *Charles v. Inam*, No. 99 Civ. 12427 (SWK), 2001 WL 79900, at *1 (S.D.N.Y. Jan. 30, 2001); *Giuffre v. City of New York*, No. 00 Civ. 1517 (MBM), 2000 WL 557324, at *1 (S.D.N.Y. May 8, 2000); *Moreland v. Van Buren GMC*, 93 F.

6

Supp. 2d 346, 355 (E.D.N.Y. 1999).  Other courts—including the Fourth, Seventh, and Ninth

Circuit Courts of Appeals—agree.[1]  *E.g.*, *Smith*, 159 F.3d at 879; *Elko County Grand Jury*, 109

F.3d at 555; *Edwards*, 43 F.3d at 315-16; *Massock v. Superior Court of Cal.*, No. C99-3713 SC,

2000 WL 10240, at *3 (N.D. Cal. Jan. 4, 2000); *Illinois v. Mayfield*, No. 99 C 2702, 1999 WL

414264, at *3 (N.D. Ill. May 27, 1999); *Golden Eagle Ins. Corp. v. Allied Tech. Group*, 83

F. Supp. 2d 1132, 1134 (C.D. Cal. 1999); *Connaught Lab., Inc. v. Smithkline Beecham P.L.C.*, 7

F. Supp. 2d 477, 479 (D. Del. 1998), *appeal dismissed*, 165 F.3d 1368 (Fed. Cir. 1999); *Indiana

v. Adams*, 892 F. Supp. 1101, 1106 (S.D. Ind. 1995); *Bosaw v. National Treasury Employees'

Union*, 887 F. Supp. 1199, 1209 (S.D. Ind. 1995).[2]  While the Court of Appeals for the Second

Circuit has not, since the 1985 or 2002 amendments, directly addressed the continued viability of

derivative jurisdiction for cases removed pursuant to provisions other than 28 U.S.C. § 1441, it

has referred to derivative jurisdiction as a viable doctrine well after the adoption of the 1985

amendment.  *See PT United Can Co. Ltd.*, 138 F.3d at 72-73.

---

[1]    As do both leading commentators on federal civil practice and procedure.  14C
WRIGHT § 3727, at 170 (noting that the doctrine of derivative jurisdiction "persists in cases
removed under Section 1442 . . . even though . . . it has been rejected expressly in Section 1441")
(footnotes omitted); 16 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 107.15[1][b][vi], at
117-118 (3d ed. 1999) (distinguishing removal under § 1441 from removal under § 1442).

[2]    *But see North Dakota v. Fredericks*, 940 F.2d 333, 336-38 (8th Cir. 1991)
(holding, prior to 2002 amendment, that Section 1441(f) should be read to eliminate the doctrine
of derivative jurisdiction in all cases); *Bermudez v. United States Dep't of Housing and Urban
Dev.*, 84 F. Supp. 2d 1094, 1094-97 (C.D. Cal. 2000) (relying on 9th Cir. dicta and disregarding
more recent 9th Cir. holding of *Elko County Grand Jury*, 109 F.3d at 555, as "perplexing");
*Reese v. South Fla. Water Management Dist.*, 853 F. Supp. 413, 415 (S.D. Fla. 1994); *Macias v.
Kerr-McGee Corp.*, No. 92 C 3389, 1992 WL 210028, at *3-4 (N.D. Ill. Aug. 21, 1992);
*Schroeder v. Nixon*, No. 87 C 5543, 1987 WL 18371, at *1 (N.D. Ill. Oct. 6, 1987); *Ewell v.
Petro Processors of La., Inc.*, 655 F. Supp. 933, 935 (M.D. La. 1987).

Thus, when a federal court determines that the state court lacked jurisdiction over an action removed pursuant to § 1442, it should dismiss the action for lack of subject matter jurisdiction.  *Golden Eagle Ins. Corp.*, 83 F. Supp. 2d at 1134 ("[F]ederal courts must determine upon removal of an action under section 1442 whether, as an initial matter, the state court from which the action was removed had subject matter jurisdiction.  If there is none, the claim giving rise to the United States's power to remove must be dismissed.") (citation omitted).  This rule applies "'even if the reason the state court lacked jurisdiction is that the complaint lies within the exclusive jurisdiction of the federal courts.'"  *Gionfriddo*, 343 F. Supp. 2d at 111 (quoting *Nordlicht v. New York Tel. Co.*, 799 F.2d 859, 863 (2d Cir. 1986), *overruled on other grounds*, *Marcus v. AT&T Corp.*, 138 F.3d 46, 55 (2d Cir. 1998)).

## B.    The State Court Lacked Jurisdiction Over the Third-Party Complaint Against Morris Heights

In determining whether this Court has derivative jurisdiction over the third-party complaint, this Court must first determine whether the state court had jurisdiction.  For the following reasons, it is clear that it did not.

It is well established that claims against the United States are barred unless sovereign immunity has been "unequivocally" waived by a federal statute.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980).  "Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived."  *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (citing cases).

In enacting the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b) and 2671 *et seq.*, the United States waived sovereign immunity with respect to certain common law tort claims, insofar as such suits are brought in federal court against the United States directly. The FTCA's limited waiver of immunity does not extend to suits brought against federal employees, however:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim . . . .  *Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded . . . .*

28 U.S.C. § 2679(b)(1) (emphasis added);[3] *see also Saar v. United States Dep't of Justice*, 705 F. Supp. 999, 1003 (S.D.N.Y. 1989) ("Under the FTCA, sovereign immunity is only waived where the United States is named as a party.").  Morris Heights was acting within the scope of its employment with the United States at the time of the alleged negligence.  *See* Skinner Decl. Ex. C; *see also Celestine v. MVNHC*, 403 F.3d 76, 80 (2d Cir. 2005) (federally funded health clinic construed as federal employee for FTCA purposes).  Morris Heights thus enjoys "immunity against claims of common-law tort," *Rivera v. United States*, 928 F.2d 592, 608 (2d Cir. 1991), and the state court did not have jurisdiction over this action, *Rivera*, 928 F.2d at 609; *Charles*, 2001 WL 79900, at *1; *see* 14 WRIGHT § 3658 nn.3 & 4.

---

[3]      Similarly, a suit against a federal agency is precluded.  28 U.S.C. § 2679(a); *FDIC v. Meyer*, 510 U.S. 471, 476 (1994).

9

The FTCA "permits claimants to sue only in the federal courts, and not in the state courts which are available in actions against a private individual." *Richards v. United States*, 369 U.S. 1, 13 n.28 (1962); *see also* 28 U.S.C. § 1346(b)(1) ("[T]he district courts . . . shall have *exclusive jurisdiction* of civil actions on claims against the United States for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.") (emphasis added). Hence, even if the third-party complaint had been commenced against the United States, the only proper party to this tort action, the state court would not have possessed jurisdiction.[4]

Finally, "the United States and its agencies cannot be impleaded as third-party defendants in state court tort actions." *Singleton*, 2004 WL 2609554, at *2; *accord Keene Corp. v. United States*, 700 F.2d 836, 843 n.10 (2d Cir. 1983) (noting that under 28 U.S.C. § 1346(b), a defendant could not implead the United States in a state court action); *Harris v. G.C. Servs. Corp.*, 651 F. Supp. 1417, 1418 (S.D.N.Y. 1987) (noting that the United States, "as a general proposition, cannot be sued or impleaded in the state courts"); *Marcy Realty Co. v. Glassy*, 79 Misc.2d 925, 926, 361 N.Y.S.2d 802, 803 (N.Y. City Civ. Ct. 1974) ("[t]he United States of America cannot be impleaded in a state court"); *Gerardi v. Brady*, 78 Misc.2d 11, 13, 355 N.Y.S.2d 281, 283 (N.Y. Sup. Ct. 1974) (dismissing third-party complaint against the United States because "there is no jurisdiction in a state court over any claim asserted against the United States under the Federal Tort Claims Act").

---

[4]     Should the Court decline to dismiss the third-party action for lack of jurisdiction, the United States should be substituted in the place of Morris Heights. *See Cuoco v. Mortisugu*, 222 F.3d 99, 108 (2d Cir. 2000).

For all these reasons, the New York State Supreme Court lacked jurisdiction over the third-party complaint against Morris Heights.

## C.    Because the State Court Lacked Jurisdiction Over the Third-Party Complaint, This Court Acquired None Upon Removal

Because the New York State Supreme Court clearly lacked jurisdiction over the third-party complaint against Morris Heights in this case, this Court should dismiss the third-party complaint for lack of subject matter jurisdiction. *Golden Eagle Ins. Corp.*, 83 F. Supp. 2d at 1134 (dismissing third-party complaint against the United States because it was "clear" that "the state court from which th[e] action was removed lacked subject matter jurisdiction over the FTCA claim asserted . . . against the United States").

Indeed, several district court decisions in this Circuit have applied the doctrine of derivative jurisdiction to dismiss third-party tort complaints against federal agencies or employees in circumstances similar to those in this case. *Barnaby*, 410 F. Supp. 2d at 144-45 (dismissing third-party tort claims removed under § 1442); *Singleton*, 2004 WL 2609554, at *1-*4 (same); *Gionfriddo*, 343 F. Supp. 2d at 111 (same); *Charles*, 2001 WL 79900, at *1-*2 (same); *Moreland*, 93 F. Supp. 2d at 355 (same; "the doctrine of derivative jurisdiction remains viable under Section 1442"); *Giuffre*, 2000 WL 557324, at *1 (same; doctrine of derivative jurisdiction in § 1442 removal "remains good law absent specific provision to the contrary"; "there is no exception to the derivative jurisdiction doctrine that governs cases removed pursuant to Section 1442").[5]

---

[5]    The decision in *Giuffre* does not indicate the nature of the underlying action; however, both the docket sheet for that case and the decision in *Singleton*, 2004 WL 2609554, indicate that it was a tort claim.

11

The application of the doctrine of derivative jurisdiction is particularly appropriate in this case, as Bronx-Lebanon cannot assert a viable claim against the United States for contribution and indemnification at this time. Because the New York State Supreme Court lacked jurisdiction over Morris Heights, Bronx-Lebanon has no basis to assert a third-party claim for contribution or indemnification in state court. Moreover, Bronx-Lebanon is currently precluded from filing an independent action against the United States in federal court. Its contribution and indemnification claims are not yet ripe for adjudication because the plaintiffs have not recovered—and may never recover— a judgment against Bronx-Lebanon. *E.g.*, *Plantronics, Inc. v. United States*, No. 88 Civ. 1892, 1990 WL 3202, at *1-*2 (S.D.N.Y. Jan. 9, 1990) (dismissing plaintiff's indemnity claim against the United States as unripe because, under New York law, a claim for contribution or indemnification does not accrue until the party seeking contribution or indemnification has made a payment to a claimant).

Accordingly, the third-party complaint against Morris Heights should be dismissed for lack of subject matter jurisdiction, and the remainder of the case should be remanded to the New York State Supreme Court. *See Barnaby*, 410 F. Supp. 2d at 147 (dismissing third-party complaint under doctrine of derivative jurisdiction and remanding remainder of case to state court).

12

## IV.  CONCLUSION

For the reasons stated above, the Court should dismiss the third-party complaint

against Morris Heights for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the

Federal Rules of Civil Procedure.

Dated:  New York, New York
         May 25, 2007

                              Respectfully submitted,

                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York
                              Attorney for Third-Party Defendant
                              Morris Heights Health Center

                    By:     /s/ Peter M. Skinner
                              PETER M. SKINNER (PS-9745)
                              Assistant United States Attorney
                              86 Chambers Street, Fifth Floor
                              New York, NY  10007
                              Telephone:  (212) 637-2601
                              Fax:  (212) 637-2730

13