SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------- x
LUZ M. VEGA, AN INFANT, BY HER
PARENT AND NATURAL GUARDIAN,
MANUELA VALENTIN, AND
MANUELA VALENTIN,
INDIVIDUALLY,

                      Plaintiffs,

                - against -

THE BRONX-LEBANON HOSPITAL
CENTER, ILIANA ROBINSON, M.D.,

                     Defendants.
------------------------------------------------------------- x
------------------------------------------------------------- x
THE BRONX-LEBANON HOSPITAL
CENTER,

                 Third-Party Plaintiff,

                - against -

MORRIS HEIGHTS HEALTH CENTER,
INC.,

                 Third-Party Defendant.
------------------------------------------------------------- x

Index No. 13286/04

THIRD-PARTY COMPLAINT

Index No. 13286/04

Third-Party Index No.

C O U N S E L:

      The defendant and third-party plaintiff, BRONX LEBANON HOSPITAL CENTER, by its attorneys, Shaub, Ahmuty, Citrin & Spratt LLP, complaining of the third-party defendant, respectfully alleges:

00352696.1

FIRST: The defendant/third-party plaintiff, BRONX LEBANON HOSPITAL CENTER, is a not-for-profit corporation, duly organized and existing under and by virtue of the laws of the State of New York.

SECOND: At all times hereinafter mentioned, MORRIS HEIGHTS HEALTH CENTER, INC., was and is a professional corporation licensed to do business in the State of New York with its principal place of business at 85 West Burnside Avenue, Bronx, New York 10453.

THIRD: That at all times hereinafter mentioned, MORRIS HEIGHTS HEALTH CENTER, INC., was and is a domestic corporation licensed to do business in the State of New York with its principal place of business at 85 West Burnside Avenue, Bronx, New York 10453 and with offices located at 625 East 137th Street, Bronx New York 10454, 25 West Burnside Avenue, Bronx, New York 10453, 25 East 183rd Street, Bronx, New York 10453, 70 West Burnside Avenue, Bronx, New York 10453, 25 East 183rd Street, Bronx, New York 10453 and 2042 Grand Avenue, Bronx, New York 10453.

FOURTH: That at all times hereinafter mentioned, MORRIS HEIGHTS HEALTH CENTER, INC., was and is a foreign corporation licensed to do business in the State of New York with its principal place of business at 85 West Burnside Avenue and with offices located at 625 East 137th Street, Bronx New York 10454, 25 West Burnside Avenue, Bronx, New York 10453, 25 East 183rd Street, Bronx, New York 10453, 70 West Burnside Avenue, Bronx, New York 10453, 25 East 183rd Street, Bronx, New York 10453 and 2042 Grand Avenue, Bronx, New York 10453.

FIFTH: That in or around February 1999 and continuing through July 1999, plaintiff, MANUELA VALENTIN, came under the care and treatment of third-party defendant, MORRIS HEIGHTS HEALTH CENTER, INC.

SIXTH: That in or around February 2004, the plaintiffs commenced this action by service of a Summons and Complaint upon the defendant/third-party plaintiff to recover money damages as a result of personal injuries allegedly sustained as a result of the defendants' negligence during treatment rendered at THE BRONX-LEBANON HOSPITAL CENTER in 1999. Thereafter, issue was joined by service of an Answer by the defendant/third-party plaintiff in or around April 19, 2004. Annexed hereto as Exhibit "A" are copies of these pleadings.

SEVENTH: That in the first-party Complaint, the plaintiff alleges that MANUELA VALENTIN was cared for and treated at THE BRONX-LEBANON HOSPITAL CENTER in 1999 by medical staff and personnel and that as a result of malpractice of the defendants, LUZ M. VEGA suffered numerous personal injuries in an amount which exceeds the jurisdictional limits.

EIGHTH: That, if the plaintiff was caused to sustain the damages at the time and place as alleged in the Complaint of the plaintiff through any negligence or want of due care, other than the negligence or want of due care on the part of the plaintiff, then said damages were sustained by reason of the negligence and want of due care by acts of commission or omission on the party of the third-party defendant, its agents, servants, partners and/or employees in that the third-party defendant was careless and negligent in

the care, treatment, management and diagnosis of the plaintiff MANUELA VALENTIN, and in deviating and departing from good and accepted medical care and treatment.

NINTH: That, if the plaintiff was caused to sustain the damages as alleged in the Complaint of the plaintiff through any negligence or want of due care of employees or members of MORRIS HEIGHTS HEALTH CENTER, INC., other than the negligence or want of due care on the part of the plaintiff, then said damages were sustained by reason of the negligence and want of due care by acts of commission or omission on the party of the third-party defendant, its agents, servants, partners and/or employees.

TENTH: That if any judgment is recovered herein by the plaintiff against the defendant/third-party plaintiff, THE BRONX-LEBANON HOSPITAL CENTER, then the defendant/third-party plaintiff, THE BRONX-LEBANON HOSPITAL CENTER, will be damaged thereby and the third-party defendant, MORRIS HEIGHTS HEALTH CENTER, INC., by its employees and members, is and will be responsible therefore, in whole or in part.

ELEVENTH: That by reason of the foregoing, and/or by reason of malpractice whereby the third-party defendant is liable to the defendant/third-party plaintiff for contribution and/or indemnification for any acts pursuant to the aforesaid, then the third-party defendant will be liable to the full amount of recovery herein by the plaintiff or for that portion thereof, caused by the relative responsibility of the third-party defendant or its members and/or employees, and for all costs and expenses no part of which has been paid to the defendant/third-party plaintiff.

**WHEREFORE**, the defendant/third-party plaintiff, THE BRONX-LEBANON HOSPITAL CENTER, demands judgment over and against the third-party defendant, MORRIS HEIGHTS HEALTH CENTER, INC., for all sums that may be adjudged against the defendant/third party plaintiff in favor of the original plaintiff, or; to the extent that the responsibility of the third-party defendant contributed thereto, a portion of any verdict or judgment which may be obtained herein by the plaintiff against the defendant/third-party plaintiff, THE BRONX-LEBANON HOSPITAL CENTER, plus all costs and expenses of this action.

Dated:  Lake Success, New York
        February 13, 2006

Shaub, Ahmuty, Citrin & Spratt, LLP

By: _____
    Robert Boccio
Attorneys for Defendant/Third Party Plaintiff
THE BRONX-LEBANON HOSPITAL CENTER
1983 Marcus Avenue, Suite 140
Lake Success, New York 11042-1056
(516) 488-3300