UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

LUZ M. VEGA, AN INFANT, BY HER PARENT
AND NATURAL GUARDIAN, MANUELA
VALENTIN,

                       Plaintiffs,

- against -

THE BRONX-LEBANON HOSPITAL CENTER,
ILIANA ROBINSON, M.D.,

                       Defendants.
---------------------------------------------------------------X
THE BRONX-LEBANON HOSPITAL CENTER,

                       Third-Party Plaintiff,

- against –

MORRIS HEIGHTS HEALTH CENTER,

                       Third-Party Defendant.
---------------------------------------------------------------X

**ECF CASE**

07 Civ. 2940 (GEL)

### MEMORANDUM OF LAW IN OPPOSITION TO THIRD-PARTY DEFENDANT'S MOTION TO DISMISS THE THIRD-PARTY COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

Shaub, Ahmuty, Citrin & Spratt, LLP
1983 Marcus Avenue
Lake Success, NY 11042
(516) 488-3300
Attorneys for Defendant-Third-Party Plaintiff
The Bronx-Lebanon Hospital Center

Robert M. Ortiz (RO-3969)
Judd Cohen (JC-0303)

00399136.1

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ....................................................................................2

FACTUAL AND PROCEDURAL HISTORY ................................................................3

    A.  The Main Action ....................................................................................3

    B.  The Third-Party Action...........................................................................4

    C.  The Creation Of Federal Jurisdiction Upon The U.S. Attorney's
        Certification That Morris Heights, A "Deemed" Employee Of The United
        States, Was Acting Within The Scope Of Its Employment At The Time It
        Rendered Medical Care And Treatment To Manuela Valentin ...............................4

    D.  The Removal To Federal Court Pursuant To The Westfall Act .............................5

ARGUMENT

POINT I ..........................................................................................................5

FEDERAL JURISDICTION OVER MORRIS HEIGHTS WAS CREATED
WHEN THE U.S. ATTORNEY CERTIFIED THAT THIS "DEEMED"
FEDERAL EMPLOYEE WAS ACTING IN THE SCOPE OF ITS
EMPLOYMENT AT THE TIMES ALLEGED IN THE THIRD-PARTY
COMPLAINT. ACCORDINGLY, THIS COURT HAS JURISDICTION OVER
THE THIRD-PARTY ACTION.....................................................................................5

    A.  The Westfall Act Provides A Separate Mechanism For Removal Of An
        Action To Federal Court Than 28 U.S.C. § 1442 ....................................5

    B.  This Court Has Subject Matter Jurisdiction Over The Third-Party Action
        Pursuant To The Westfall Act.............................................................7

POINT II .........................................................................................................11

THE SUPREME COURT OF THE STATE OF NEW YORK HAD SUBJECT
MATTER JURISDICTION OVER THE THIRD-PARTY ACTION FROM THE
TIME OF ITS COMMENCEMENT UNTIL THE TIME OF THE ATTORNEY
GENERAL'S CERTIFICATION THUS, EVEN IF DERIVATIVE
JURISDICTION APPLIES, THIS COURT HAS SUBJECT MATTER
JURISDICTION IN THIS CASE ..................................................................................11

A.  Pursuant To 28 U.S.C § 2679(d)(2) Federal Jurisdiction Existed Only *After* The Attorney General Certified That Morris Heights Was Acting Within The Scope Of Its Federal Employment, Thus The State Court Had Original Jurisdiction Over This Case Until The Certification Was Filed ............................12

Sovereign Immunity Has Been Waived ...........................................................12

The State Court Had Original Subject Matter Jurisdiction.................................13

B.  The Cases Relied Upon By Morris Heights Are Inapposite ...................17

C.  Morris Heights' Remaining Arguments Are Without Merit...................19

CONCLUSION...................................................................................................21

00399414.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

LUZ M. VEGA, AN INFANT, BY HER PARENT
AND NATURAL GUARDIAN, MANUELA
VALENTIN,

                Plaintiffs,

    - against -

THE BRONX-LEBANON HOSPITAL CENTER,
ILIANA ROBINSON, M.D.,

                Defendants.
------------------------------------------------------------------X

THE BRONX-LEBANON HOSPITAL CENTER,

                Third-Party Plaintiff,

    - against –

MORRIS HEIGHTS HEALTH CENTER,

                Third-Party Defendant.
------------------------------------------------------------------X

**ECF CASE**

07 Civ. 2940 (GEL)

## MEMORANDUM OF LAW IN OPPOSITION TO THIRD-PARTY DEFENDANT'S MOTION TO DISMISS THE THIRD-PARTY COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

### PRELIMINARY STATEMENT

Defendant/Third-Party Plaintiff, The Bronx-Lebanon Hospital Center ("Bronx Lebanon"), by its attorneys, Shaub, Ahmuty Citrin & Spratt, LLP, respectfully submit this memorandum of law in opposition to the motion of Third-Party Defendant Morris Heights Health Center ("Morris Heights") to dismiss the third-party complaint pursuant to Fed.R.Civ.P. 12(b)(1) for an alleged lack of subject matter jurisdiction.

Over one year after the commencement of the third-party action by Bronx-Lebanon against Morris Heights in the Supreme Court of the State of New York, Bronx County, Morris Heights was deemed a federal employee for purposes of the Federal Tort Claims Act. Pursuant

to 28 U.S.C. § 2679, the U.S. Attorney, as designate of the Attorney General, certified that Morris Heights was acting within the scope of its employment at the times referenced in the third-party complaint and thereby created federal jurisdiction in this case. Morris Heights subsequently removed this tort action from New York State Supreme Court to this Court pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2). Contrary to the contention of the government on behalf of Morris Heights, this action *was not removed under 28 U.S.C. § 1442.*

Given that the U.S. Attorney's scope-certification *created federal jurisdiction* under 28 U.S.C. § 2679, this court has subject matter jurisdiction over the third-party action. Moreover, since federal jurisdiction did not exist *until* the scope-certification, the New York State Supreme Court had original subject matter jurisdiction until that time. Accordingly, even if the doctrine of derivative jurisdiction applies, this court properly has subject matter jurisdiction over the third-party action and the government's motion on behalf of Morris Heights should be denied.

## **FACTUAL AND PROCEDURAL HISTORY**

### A.    **The Main Action**

The plaintiff, Luz M. Vega, an infant, by her mother and natural guardian, Manuela Valentin, commenced this medical malpractice action on or about February 24, 2004 in Supreme Court of the State of New York, Bronx County, under index number 13286/04. (A copy of the complaint was annexed to the Declaration of Peter M. Skinner, dated May 25, 2007, submitted in support of Morris Heights' motion ("Skinner Decl."), Docket No. 6, Exhibit A).

The Complaint alleges, *inter alia*, that Bronx-Lebanon and defendant Iliana Robinson, M.D., committed malpractice in their treatment of the plaintiffs which resulted in severe and permanent injuries (see Skinner Decl., Docket No. 6, Exhibit A at ¶ 5-11).

**B.**    <u>The Third-Party Action</u>

On or about February 13, 2006, Bronx-Lebanon filed a summons and third-party complaint against Morris Heights in Supreme Court of the State of New York, Bronx County (<u>see</u> Skinner Decl., Docket No. 6, Exhibit B).  The Third-Party Complaint alleges, *inter alia*, that the plaintiff received care and treatment at Morris Heights in and around February of 1999 and continuing through July 1999.  Further, that if the plaintiff was caused to sustain the damages at the time and place as alleged in the Complaint through any negligence or want of due care, other than on the part of the plaintiff, then said damages were sustained by reason of the negligence and want of due care by acts of commission or omission of Morris Heights, its agents, servants, partners and/or employees.  As a result of Morris Heights' negligence in deviating and departing from good and accepted medical care and treatment, Bronx-Lebanon seeks contribution and/or indemnification for these acts from Morris Heights, such that Morris Heights will be liable to the full amount of recovery herein by the plaintiff or for that portion thereof, caused by its relative responsibility or that of its members and/or employees (<u>see</u> Skinner Decl., Docket No. 6, Exhibit B at ¶¶ 8-11).

**C.**    **The Creation Of Federal Jurisdiction Upon The U.S. Attorney's Certification That Morris Heights, A "Deemed" Employee Of The United States, Was Acting Within The Scope Of Its Employment At The Time It Rendered Medical Care And Treatment To Manuela Valentin**

According to the Declaration of Richard G. Bergeron, a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services, dated February 4, 2007, Morris Heights has been deemed eligible for Federal Tort Claims Act malpractice coverage since June 23, 1996 (<u>see</u> Docket No. 5).  On April 3, 2007, Michael Garcia, the United States Attorney for the Southern District of New York, pursuant to 42 U.S.C § 233 and 28 U.S.C § 2679(d) as the Attorney General's designate under 28 C.F.R. § 15.4, certified

that Morris Heights was deemed to be an employee of the United States under the Federal Tort Claims Act pursuant to 42 U.S.C. § 233(g) and that it was acting within the scope of its employment at the time it rendered medical treatment and care to plaintiff Manuela Valentin (see Skinner Decl., Docket No.6, Exhibit C). This scope-certification *created* federal jurisdiction.

**D.     The Removal To Federal Court Pursuant To The Westfall Act**

The United States Attorney removed this action to federal court on April 12, 2007 pursuant to 224(c) of the Public Health Services Act, 42 U.S.C. § 233(c), and 28 U.S.C. § 2679(d)(2) (the "Westfall Act") (see Docket No.1). As will be demonstrated below, the U.S. Attorney incorrectly argues in his motion that these sections "do not provide a basis for removal". Though, for obvious reasons, he ventures that the statutory basis for removal in this case was 28 U.S.C. § 1442, that section was clearly not invoked in the notice of removal (For the Court's convenience, a copy of the notice of removal is annexed to the Affirmation in Opposition of Judd Cohen as Exhibit A, see also Docket No.1).

## ARGUMENT

## POINT I

**FEDERAL JURISDICTION OVER MORRIS HEIGHTS WAS CREATED WHEN THE U.S. ATTORNEY CERTIFIED THAT THIS "DEEMED" FEDERAL EMPLOYEE WAS ACTING IN THE SCOPE OF ITS EMPLOYMENT AT THE TIMES ALLEGED IN THE THIRD-PARTY COMPLAINT. ACCORDINGLY, THIS COURT HAS JURISDICTION OVER THE THIRD-PARTY ACTION**

**A.     The Westfall Act Provides A Separate Mechanism For Removal Of An Action To Federal Court than 28 U.S.C. § 1442**

In its memorandum of law in support of its motion to dismiss the third-party complaint, Morris Heights incorrectly asserts that this action was removed to federal court pursuant to 28 U.S.C. § 1442 (see Morris Heights' Memorandum of Law [Docket No. 4] at 3, 5). A review of the Notice of Removal clearly demonstrates that § 1442 was *not* invoked (Exhibit A, Docket No.

1). Morris Heights seeks to characterize the removal in this case as pursuant to § 1442 because its argument is premised on cases where actions removed to federal court pursuant to § 1442 were dismissed for lack of subject matter jurisdiction under the doctrine of derivative jurisdiction. To be sure, all of the cases upon which Morris Heights relies to support its position that the third-party action should be dismissed for lack of subject matter jurisdiction involve removal under § 1442 (see Morris Heights' Memorandum of Law [Docket No.4] at 4-8, 11). Morris Heights posits, "[t]hus, when a federal court determines that the state court lacked jurisdiction over an action *removed pursuant to § 1442*, it should dismiss the action for lack of subject matter jurisdiction (see Morris Heights' Memorandum of Law [Docket No. 4] at 8) (emphasis added). This revisionist history and blatant attempt to recast the removal in this case as one under § 1442 must be rejected.

First, Morris Heights' claim that the statutes it invoked in its notice of removal, i.e. 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2) "do not provide a basis for removal" is simply wrong. It is well settled that 28 U.S.C. § 2679 and § 1442 are two "separate and alternative statutes, *both of which authorize removal of cases to federal court*" (see Charles v. Inam, 2001 WL 79900 [S.D.N.Y. 2001], quoting Jamison v. Wiley, 14 F.3d 222, 237 [4th Cir.1994]([emphasis added]). Second, as this action was not removed pursuant to 28 U.S.C. § 1442, that section is not before the Court and Morris Heights' reliance on cases removed pursuant to § 1442 is inappropriate and unavailing (see Strychasz v. Maron Construction Co., 2002 WL 32500874 [D. Conn., 2002] [need to address derivative jurisdiction and § 1442 obviated where government's notice of removal relied exclusively upon 28 U.S.C. § 1441(a)]).

**B.    This Court Has Subject Matter Jurisdiction Over The Third Party Action Pursuant To The Westfall Act**

The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties (see 28 U.S.C. § 2679(b)(1); Osborn v. Haley, ___ U.S. ___, 127 S.Ct 881, 166 L.Ed.2d 819 [2007]; Alexander v. Mount Sinai Hosp. Medical Center, 484 F.3d 889 [7th Cir., 2007]).  When a federal employee is sued, the Westfall Act empowers the Attorney General to certify, if appropriate, that the employee was acting within the scope of his or her employment at the time of the incident in question (28 U.S.C. § 2679(d)[1], [2]).  If the Attorney General issues such a certification, the employee is dismissed from the action and the United States is substituted as the defendant in place of the employee (28 U.S.C. § 2679(d)[1]).  *Thereafter*, the lawsuit is governed by the Federal Tort Claims Act ("FTCA") (28 U.S.C. § 2671 et seq.; Celestine v. Mount Vernon Neighborhood Health Center, (403 F.3d 76 [2nd Cir. 2005]).  If the action was filed in state court, the case must be removed to federal court (28 U.S.C. § 2679(d)[2]).  The certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal. (id., Osborn, 127 S.Ct 881, 887-888).  The Supreme Court has noted that "*once certification and removal are effected, exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to the state court*" (Osborn, 127 S.Ct. at 889 [emphasis added]).  This is so, even if the Attorney General's certification was unwarranted (Osborn, 127 S.Ct. at 894).

In Alexander, supra, the plaintiff was the daughter of Christen Crutcher, a woman who died while receiving medical treatment at Mount Sinai Hospital (484 F.3d 889, 890).  As administrator of her mother's estate, Alexander brought a malpractice action in state court

against, among others, the physicians involved in her mother's care. The United States removed this malpractice case to federal court because one of the defendant physicians, Dr. Godwin Onyema, was deemed to be a federal employee under the Public Health Service Act ("PHSA"), as amended by the Federally Supported Health Centers Assistance Act of 1995 ("FSHCAA"), 42 U.S.C. § 233 (Id.). The Attorney General's delegate certified that Dr. Onyema was acting within the scope of his employment at the time of the incidents giving rise to the complaint and was thus deemed to be an employee of the United States for FTCA purposes pursuant to 42 U.S.C. § 233 (484 F.3d at 892).

After a trial resulted in judgment in favor of the defendants, Alexander appealed and challenged *inter alia*, subject matter jurisdiction. She posited that Dr. Onyema could not be deemed a federal employee because he did not personally contract with a federally funded health center. Significantly, the government contended that the "deeming" decision in combination with the certification that Dr. Onyema was acting within the scope of his employment at the time of the relevant incident *gave rise to federal jurisdiction*. The 7th Circuit agreed and concluded that the district court possessed subject matter jurisdiction reasoning as follows (484 F.3d at 896-897):

> In the instant case, the Attorney General certified pursuant to section 233 that Sinai was a federally funded health center and that Dr. Onyema was acting within the scope of his employment at Sinai at the time of the incidents giving rise to the complaint. In the notice of removal, the United States invoked both section 233 and section 2679(d)(2). Given the invocation of section 2679(d)(2), the very section the Supreme Court analyzed in Osborn, the question of subject matter jurisdiction has been answered by Osborn. The district court possessed subject matter jurisdiction over the case because a significant federal question arose at the outset, specifically whether Dr. Onyema could be deemed an employee of the public health system due to his professional corporation's contract with Sinai. The government answered that question affirmatively, albeit mistakenly. Under section 233, neither party could challenge the certification, and under 2679(d)(2), the certification was conclusive for purposes of removal. Osborn determined that a federal court could retain jurisdiction over a case that was removed with an

erroneous certification without offending Article III. We therefore reject Alexander's challenge to subject matter jurisdiction and turn to the remaining issues in her appeal.

The Supreme Court held that Congress gave district courts no authority to return cases to state courts on the ground that the Attorney General's certification was unwarranted. In such a case, the district court could resubstitute the federal official as the defendant for purposes of trial. However, *for purposes of establishing a forum to adjudicate the case, § 2679(d)(2) renders the Attorney General's certification dispositive* (Osborn, 127 S.Ct. at 894).

Similar to Alexander, here, the U.S. Attorney – as designate of the Attorney General pursuant to 28 C.F.R. § 15.4 – certified pursuant to 42 U.S.C. § 233 that Morris Heights was deemed to be an employee of the United States under the FTCA and that it was acting in the scope of its employment at the time it rendered medical treatment and care to plaintiff Manuela Valentin (see Skinner Decl., [Docket No. 6], Exhibit C). Also as in Alexander, here, the government (on behalf of Morris Heights) invoked both § 233 and § 2679(d)(2) in its notice of removal (see Docket No.1). Thus, as in Alexander, here the deeming decision in combination with the certification *gave rise to federal jurisdiction*. Accordingly, this court has subject matter jurisdiction and Morris Heights' motion should be denied.

Notably, this case presents an even stronger basis for retention in the federal court than Alexander or Osborn. In those cases, subsequent to certification, the government determined that its scope-certifications had been unwarranted. Unlike Osborn and Alexander, there has been no reversal of the U.S. Attorney's determination in this case.

The Supreme Court has observed that Congress adopted the "conclusive[e] *** for purposes of removal" language to "foreclose the needless shuttling of a case from one court to another" (id. at 895 citing Gutierrez de Martinez v. Lamagno, 515 U.S. 417, at 433, n.10, 115

S.Ct. 2227 (1995); Id. at 440 (Souter, J., dissenting) ["[T]here is nothing equivocal about [§ 2679(d)(2)'s] provision that *once a state tort action has been removed to a federal court after a certification by the Attorney General, it may never be remanded to the state system.*"]) (emphasis added). As the Supreme Court held in Osborn, § 2679(d)(2) is an antishuttling provision, aimed to prevent "prolonged litigation of questions of jurisdiction of the district court to which the cause is removed" (127 S.Ct. at 895, citing United States v. Rice, 327 U.S. 742, 751, 66 S.Ct 835, 90 L.Ed. 982 [1946]). Once the Attorney General certifies scope of employment, thereby *triggering* removal of the case to a federal forum, § 2679(d)(2) *renders the federal court exclusively competent and categorically precludes a remand to the state court* (Osborn, 127 S.Ct. 896).

The Supreme Court further noted that § 2679(d)(2)'s command that the Attorney General's certification "shall conclusively establish scope of office or employment for purposes of removal," differentiates certified Westfall Act cases from the typical case remand for want of subject-matter jurisdiction. The Supreme Court held:

> In Attorney General certified Westfall Act cases *** the Attorney General's certificate forecloses any jurisdictional inquiry. By declaring the Attorney General's certification "conclusive" as to the federal forum's jurisdiction, Congress has barred a district court from passing the case back to the state court where it originated based on the court's disagreement with the Attorney General's scope-of-employment determination. *** Tailor-made for Westfall Act Cases, § 2679(d)(2) is a forum-selecting rule Congress made "conclusive," beyond the ken of district courts to revise. See Thermtron, 423 U.S., at 351, 96 S.Ct. 584.

Given the clear establishment of subject matter jurisdiction under the Westfall Act, it is obvious why the government, on behalf of Morris Heights, sought to distract this court with a discussion about the application of derivative jurisdiction in cases removed under § 1442. However, to argue that the Westfall Act does not provide a basis for removal was disingenuous. The Attorney General's certification that Morris Heights, a deemed federal employee, was acting

in the scope of its employment established federal jurisdiction and the basis for removal under §

2679(d)(2) – the exact provision invoked to remove the action to federal court (see Exhibit A to

the Cohen Affirmation in Opposition and Docket No. 1). Accordingly, this court is the exclusive

forum to adjudicate this case and Morris Heights' motion to dismiss for lack of subject matter

jurisdiction must be denied. Should this Court agree with the above, it need not reach the

remainder of this Memorandum of Law.

**POINT II**

**THE SUPREME COURT OF THE STATE OF NEW YORK HAD SUBJECT MATTER
JURISDICTION OVER THE THIRD-PARTY ACTION FROM THE TIME OF ITS
COMMENCEMENT UNTIL THE TIME OF THE ATTORNEY GENERAL'S
CERTIFICATION THUS, EVEN IF DERIVATIVE JURISDICTION APPLIES, THIS
COURT HAS SUBJECT MATTER JURISDICTION IN THIS CASE**

As noted previously, Morris Heights' Memorandum of Law incorrectly contends that the

statutory basis for removal in this case was 28 U.S.C. § 1442 when that section was clearly not

invoked in its notice of removal. Morris Heights ignores that the action was removed under 28

U.S.C. § 2679 because that fact establishes that this court has subject matter jurisdiction over this

action (see Point I, supra). The federal jurisdiction created by § 2679 is original and independent

of the jurisdiction of the state court from which the action was removed (see Thompson v.

Wheeler, (898 F.2d 406 [3rd Cir. 1990]).

Morris Heights relies on the doctrine of derivative jurisdiction, under which a federal

court's subject matter jurisdiction over a removed case is derivative of the jurisdiction of the

state court from which the case was removed (see Lambert Run Coal Co. v. Baltimore & Ohio

R.R., 258 U.S. 377, 382 [1922]). Thus, if a state court lacks subject matter jurisdiction over a

claim, a federal court on removal lacks jurisdiction – even if the federal court would have

jurisdiction on an identical claim originally brought in federal court (Id.).

As demonstrated below, in this case the Supreme Court of The State of New York had jurisdiction over the third-party action from the time of its commencement until the time that Morris Heights was deemed to be a federal employee and certified to have been acting in the scope of its employment. Thus, even if the doctrine of derivative jurisdiction applies, because the state court had subject matter jurisdiction, this court also has subject matter jurisdiction.

**A.    Pursuant to 28 U.S.C. § 2679(d)(2) Federal Jurisdiction Existed Only *After* The Attorney General Certified That Morris Heights Was Acting Within The Scope Of Its Federal Employment, Thus The State Court Had Original Jurisdiction Over This Case Until The Certification Was Filed**

Morris Heights argues that the third-party complaint is subject to dismissal for lack of subject matter jurisdiction because § 1346(b) confers exclusive jurisdiction on the federal courts to hear cases within the FTCA. Further, that under the FTCA the United States only waived sovereign immunity with respect to certain common law tort claims, insofar as such suits are brought in federal court against the United States directly, as opposed to an employee. Thus, it contends that as the state court allegedly lacked subject matter jurisdiction over the third-party complaint, under the doctrine of derivative jurisdiction this court acquired none upon removal.

*Sovereign Immunity Has Been Waived*

The issue of sovereign immunity is readily dispensed with. Here, the removal of the action under § 2679(d)(2) specifically provides that an action brought against a federal employee – certified as acting within the scope of its employment at the time of the incident out of which the claim arose – is deemed one against the United States and *requires* the substitution of the United States as the party defendant[1]. Thus, the fact that the case was originally commenced as against the federal employee is irrelevant. Sovereign immunity is waived once § 2679's

---

[1] It is unclear why the U.S. Attorney did not move to have the United States substituted in place of Third-Party defendant Morris Heights upon removal. That request, however, has been made in the government's instant motion (see Morris Heights' Memorandum of Law [Docket No. 4] at n. 4).

requirements are met. Under Morris Heights' strained interpretation of sovereign immunity in the FTCA context, 28 U.S.C. 2679(d)(2)'s requirement of substitution of the United States in place of the federal employee as the party defendant would be rendered meaningless as the mere fact that the action was commenced against a federal employee would render it subject to dismissal based upon sovereign immunity. This strained interpretation is obviously without merit. Moreover, "[i]t is a 'cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'" (TRW Inc. v. Andrews, 534 U.S. 19, 32, 122 S.Ct. 441, 449 [2001] quoting Duncan v. Walker, 533 U.S. 167, 174, 121 S.Ct. 2120 [2001]). Thus, given that Morris Heights' interpretation eviscerates § 2679(d)(2), it must necessarily be disregarded.

### The State Court Had Original Subject Matter Jurisdiction

While Morris Heights cites cases that apply the doctrine of derivative jurisdiction where removal was made under § 1442(a), as demonstrated in Point I, this action was removed under § 2679(d) – which provides a significant and dispositive distinction. Importantly, as federal jurisdiction is created by the Attorney General's certification (see Point I supra) the issue of derivative jurisdiction is irrelevant to a removal under § 2679(d) (see Thompson v. Wheeler, (898 F.2d 406 [3rd Cir. 1990]). Nevertheless, even if the doctrine of derivative jurisdiction applies, this court has subject matter jurisdiction in this case because the Supreme Court of the State of New York had jurisdiction until the U.S. Attorney's scope-certification (see Thompson v. Wheeler, supra).

In Thompson v. Wheeler, a passenger sued a motorist in state court for injuries he sustained in an automobile accident (898 F.2d at 407). The motorist sought contribution from the driver of the passenger's vehicle, who was a federal employee (id.). The United States was

substituted for the driver and removed the matter to federal court (id. at 407-408). Concerns were raised whether federal jurisdiction existed over the matter. The Third Circuit noted cases that upon reaching the federal forum were subject to dismissal because – as argued here by Morris Heights – § 1346(b) confers exclusive jurisdiction on the federal courts to hear cases within the FTCA. Significantly, the Third Circuit found those cases irrelevant under § 2679(d). The court noted:

> We are not concerned with that circumstance here as under section 2679(d), federal jurisdiction lies only after the Attorney General certifies that the federal driver was acting within the scope of his employment. The possibility that such certification might issue does not automatically divest a state court of subject matter jurisdiction. To the contrary, in enacting section 2679, Congress anticipated that suits initially would be brought in state court. McGowan v. Williams, 623 F.2d 1239, 1242 (7th Cir. 1980).

Thus, the Third Circuit found that a state court has original jurisdiction over cases removed under § 2679(d) *until the certification is filed*. Accordingly, it concluded that the federal court had derivative jurisdiction over an FTCA claim initially filed in state court (see Kosak v. Cirrus Design Corp., 2006 WL 3043222 [D.Minn. 2006] citing Thompson, supra).

The Supreme Court's recent decision in Osborn v. Haley, ___ U.S. ___, 127 S.Ct 881, 166 L.Ed.2d 819 [2007] supports the conclusion of the Thompson court. The Supreme Court observed that pursuant to § 2679(d)(1), (2) it is only *after* the Attorney General's certification, dismissal of the employee, and substitution of the United States as a defendant in place of the employee that the removed litigation becomes governed by the FTCA (127 S.Ct. at 888). It thus logically follows that the state court maintains jurisdiction *until* the certification. As noted in McGowan v. Williams, supra,

> [w]hile the statute has rendered futile such attempts to sue individual employees and to litigate federal tort claims in the state courts, it has not in some mystical way abolished the bringing of such actions . . . Congress did not intend to eliminate all the legal effects of the bringing of actions against individual

employees in state court.  If bringing such an action were ineffective for all purposes, then that action could not be removed as provided for in subsection (d) or defended by the Attorney General as provided in subsection (c).  The bringing of such action in state court, therefore, must at least be effective to give the action status as a claim that can be removed and subsequently litigated * * *

(id. quoting Whistler v. United States, 252 F.Supp.913, 915 [1966]).  Accordingly, the state court had jurisdiction over the third-party action from its commencement in 2006 until the scope-certification in 2007.

In Celestine v. Mount Vernon Neighborhood Health Center, (403 F.3d 76 [2nd Cir. 2005), the plaintiff sued a health center for negligence and malpractice in state court.  Upon certification that the health center was a United States employee for purposes of the FTCA, the action was removed to federal court, pursuant to 28 U.S.C. § 2679(d); Public Health Service Act, § 224(c), as amended and 42 U.S.C. § 233(c).  The Second Circuit affirmed this Court's decision granting the government's motion to dismiss for lack of subject matter jurisdiction based upon the plaintiff's failure to exhaust her administrative remedies – a jurisdictional requirement not applicable to the third-party action here.  Notably, the Second Circuit did not dismiss the action for lack of subject matter jurisdiction based upon the doctrine of derivative jurisdiction.

In Roberts v. Green Ridge Nursing Home, (2007 WL 1314871 [M.D. Pa., May 4, 2007]), the plaintiff, as the personal representative of her deceased mother, Mamie Carbino filed a complaint in Pennsylvania state court against Green Ridge Nursing Home and Green Ridge Leasing Partnership (the "Green Ridge Defendants") claiming they breached a duty of care to Ms. Carbino.  The Green Ridge Defendants subsequently filed a third-party complaint against Dr. Wasique Mirza seeking indemnification and contribution.  Dr. Mirza removed the case to the United States District Court pursuant to 28 U.S.C. § 2679(d) (2) and the United States was

substituted for Dr. Mirza as third-party defendant. The United States then filed a motion to dismiss the third party complaint alleging, *inter alia*, a lack of subject matter jurisdiction.

The court observed that under the FTCA, "the United States is liable for injury caused by the negligent act of a government employee to the same extent a private employer would be liable." (McSwain v. United States, 422 F.2d 1086, 1087-88 [3d Cir. 1970]). The FTCA also makes the United States liable under claims for contribution (id. citing United States v. Yellow Cab Co., 340 U.S. 543, 556-557 [1951]). Further, that the extent of the United States' liability "is generally determined by reference to state law." (id. citing Molzof v. United States, 502 U.S. 301, 305 [1992]).

The court held that the Green Ridge Defendants could file a third-party complaint against the United States, as the United States "may be liable" to the Green Ridge Defendants "for all or part" of Ms. Roberts' claim against them. It also noted that courts routinely find third-party claims for contribution against the United States to be appropriate to avoid multiplicity of litigation (id. citing United States v. Yellow Cab, supra). The Court held that it had jurisdiction over the matter pursuant to 28 U.S.C. § 2679(d) and denied the United States' request to dismiss the case for lack of jurisdiction (id., citing Thompson v. Wheeler, supra).

In the case at bar, from the time the third-party action against Morris Heights was commenced in February of 2006 until the U.S. Attorney's scope-certification in April of 2007, the Supreme Court of the State of New York had subject matter jurisdiction. It was only upon that certification that federal jurisdiction was created under § 2679. Thus, as the state court had subject matter jurisdiction originally, the federal court also acquired it upon removal.

Accordingly, this court has subject matter jurisdiction over the third-party action and Morris Heights' motion should be denied.[2]

**B.    The Cases Relied Upon By Morris Heights Are Inapposite**

The numerous cases relied upon by Morris Heights where the doctrine of derivative jurisdiction was invoked to dismiss the claims for lack of subject matter jurisdiction involved removals under § 1442 (see e.g. Shnetman v. 200 White Plains Road, LLC, 2006 WL 3016312 [S.D.N.Y. 2006]; Moreland v. Van Buren GMC, 93 F.Supp.2d 346 [E.D.N.Y. 1999]).  As noted previously, despite the U.S. Attorney's revisionist history, this action was not removed pursuant to § 1442.  Thus, the cases relied upon by Morris Heights need not be addressed as they are irrelevant to this case where removal was effectuated pursuant to the Westfall Act § 2679(d) (see Point I, supra).  The only case relied upon by Morris Heights where removal was purportedly partly based upon § 2679(d) is Barnaby v. Quintos, (410 F. Supp. 2d 142 [S.D.N.Y. 2005]). Notably, the removal in Barnaby was also based upon § 1442 – unlike the situation here – and the case is distinguishable for several reasons.

In Barnaby v. Quintos, a patient brought a medical malpractice action in state court against a physician and medical clinic ("Clinic defendants").  The defendants brought third-party claims against a diagnostic laboratory, physician and technician ("Lab defendants").  In December of 2003, the Clinic defendants removed the action to the Southern District of New York and the Government moved to have the United States substituted for the Clinic Defendants because they were deemed federal employees acting in the scope of their employment.  After

---

[2] With the exception of that portion of the motion that seeks substitution of the United States as the third-party defendant in the place of Morris Heights.

substitution, the action was dismissed against the United States without prejudice for failure to file an administrative claim as required by 28 U.S.C. § 2675(a)[3].

The case was then remanded to state court against the remaining defendants, the Lab defendants. In May of 2005, *one year and five months after the certification that the Clinic defendants were deemed federal employees acting in the scope of their employment* at the times alleged in the complaint, the Lab defendants filed a third-party complaint against the Clinic defendants in state court. In July of 2005, the Clinic defendants again removed the entire case to the Southern District pursuant to *28 U.S.C. § 1442(a)(1)*, 28 U.S.C. §2679(d)(2), and 42 U.S.C. § 233(c). The Clinic defendants moved to dismiss the third-party complaint for lack of subject matter jurisdiction under the doctrine of "derivative jurisdiction". This Court agreed that the state court lacked jurisdiction at the time the case was removed in July of 2005 and granted the motion to dismiss the third-party complaint for lack of subject matter jurisdiction.

In its decision, the Barnaby court analyzed the Thompson v. Wheeler case and found that it was not applicable to the facts therein. In its analysis of the Thompson decision, The Barnaby court stated (emphasis added):

> The [Thompson] Court noted that other courts had dismissed cases removed under *Section 2679(d)* because the federal courts had exclusive jurisdiction to hear FTCA claims and the state courts lacked subject matter jurisdiction over such claims. See Thompson, 898 F.2d at 409 n.2. The Court of Appeals did not question those cases and those cases require dismissal here.

A review of footnote 2 in Thompson reveals that the cases that the Thompson court noted as having been dismissed for lack of subject matter jurisdiction were Johnson v. R.G. Showers, 747 F.2d 1228 [8th Cir. 1984] [removal under § 1442] and Goodrich v. Burlington Northern R. Co.,

---

[3] This requirement is inapplicable here because what became the FTCA claim was brought via third-party action. Exhaustion of administrative remedies does not apply to claims "as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim." (see Thompson v. Wheeler, 898 F.2d 406, 410 [3rd Cir. 1990]; DeGrenier v. Joly, 2002 WL 31106386 [D. Conn. 2002]).

701 F.2d 129 [10th Cir. 1983]). Neither of those cases involved removals under § 2679(d). Thus, the Barnaby court's characterization of Thompson was incorrect. Moreover, the Barnaby court did not disagree with the Thompson holding that federal jurisdiction under § 2679(d) lies only after the Attorney General certifies the federal employee as acting within the scope of his employment. Barnaby expressly did not decide the merit of that position (410 F. Supp. 2d at 146). Instead, Barnaby distinguished Thompson based upon the timing of the certification that had been made.

In Barnaby, the certification from the Attorney General that the Clinic defendants were deemed federal employees acting in the scope of their employment was made in December of 2003. This Court held that the Attorney General's initial certification remained in force at the time the Lab defendants filed their third-party complaint in May of 2005. Thus, it logically concluded that since the state court could not have subject matter jurisdiction in May of 2005 over the claim against a previously deemed federal employee, the federal court did not acquire any upon removal. This is a completely different scenario than presented in the case at bar. Here, the third-party action against Morris Heights was commenced in February of 2006, whereas the U.S. Attorney's certification was not filed until April 3, 2007. Thus, this is not a situation where the state action was filed *after* the certification was made, as in Barnaby. Accordingly, Barnaby is inapposite and does not support Morris Heights' position.

**C.    Morris Heights' Remaining Arguments Are Without Merit**

Morris Heights argument that 28 U.S.C. § 1441(f) did not abrogate the doctrine of derivative jurisdiction for *all* cases but instead for *only* those cases removed under § 1441 is irrelevant to the issue before this court (see Morris Heights' Memorandum of Law [Docket No. 4] at 5-7). Here, because the Supreme Court of the State of New York had jurisdiction up until

the scope-certification by the U.S. Attorney, even if derivative jurisdiction applies, this court would have subject matter jurisdiction on this additional basis[4].

Lastly, Morris Heights' argument that the third-party action is not ripe for adjudication is also without merit.  Here, the third-party action against Morris Heights for indemnity and contribution is governed by New York state law (Plantronics v. United States, 1990 WL 3202 [S.D.N.Y. 1990]).  While generally, an action for contribution or indemnification does not exist until the party seeking contribution or indemnification has made payment to a claimant, there is an exception to the general rule for third-party claims, so that all parties may establish their rights and liabilities in one action (Plantronics, citing Mars Assocs., Inc. v. New York City Educ. Constr. Fund, 126 A.D.2d 178, 191, 513 N.Y.S.2d 125, 133 [1st Dept., 1987]).  Morris Heights' reliance on Plantronics is mistaken as that case involved an *independent action* and not a third-party contribution or indemnity action as in the present case.

---

[4] An in depth analysis supporting the complete abandonment of the doctrine of derivative jurisdiction (which disagrees with the Barnaby decision) can be found in Kosak v. Cirrus Design Corporation, 2006 WL 3043222 (D. Minn., 2006).

## CONCLUSION

This Court obtained original federal jurisdiction over this action upon the filing of the certification by the U.S. Attorney that Morris Heights, a deemed federal employee, was acting within the scope of its employment during the times alleged in the third-party complaint. Additionally, given that the Supreme Court of the State of New York had original jurisdiction over the third-party complaint until the certification was made, even if the doctrine of derivative jurisdiction applies, this Court would have obtained federal jurisdiction upon removal of the action from state court. Accordingly, the Government's motion on behalf of Morris Heights' to dismiss the third party action for lack of subject matter jurisdiction should be denied.

Lake Success, New York
Dated: June 20, 2007

Respectfully submitted,

Shaub, Ahmuty, Citrin & Spratt, LLP

By: _____
Robert M. Ortiz (RO-3969)


/s/ Judd Cohen          .
JUDD COHEN (JC-0303)


Attorneys for Defendant-Third-Party Plaintiff
The Bronx-Lebanon Hospital Center
1983 Marcus Avenue
Lake Success, New York  11042-1056
(516) 488-3300

AFFIDAVIT OF SERVICE BY
OVERNIGHT DELIVERY

STATE OF NEW YORK  )
                   )        ss.:
COUNTY OF NASSAU   )

     Sandra D. Hazan, being duly sworn, deposes and says:  that deponent is not a party to this action, is over 18 years of age and resides in Little Neck, New York.

     That on the 20th day of June, 2007, deponent served the within MEMORANDUM OF LAW, upon:

**Federal Express #861670139683**
Michael J. Garcia
United States Attorney for the
Southern District of New York
By: Peter M. Skinner (PS-9475)
Assistant United States Attorney
86 Chambers Street, Fifth Floor
New York, New York 10007

**Federal Express #861670139661**
Christopher A. Lennon, Esq.
Fitzgerald & Fitzgerald, P.C.
538 Riverdale Avenue
Yonkers, New York 10705

**Federal Express # 861670139650**
Jones, Hirsch, Connors & Bull, P.C.
One Battery Park Plaza
New York, New York  10004

at the address designated by said attorney(s) for that purpose, by depositing a true copy thereof enclosed in a properly addressed wrapper, into the custody of the overnight delivery service for overnight delivery, prior to the latest time designated by the overnight delivery service for overnight delivery.

_Sandra D. Hazan_
Sandra D. Hazan

Sworn to before me this
20th day of June, 2007

_Richard Spatola_
Notary Public

RICHARD SPATOLA
Notary Public, State of New York
No. 01SP6116138
Qualified in Nassau County
Certificate Filed in New York County
Commission Expires September 20, ___

{00399422.DOC}}
00399422.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUZ M. VEGA, AN INFANT, BY HER
PARENT AND NATURAL GUARDIAN,
MANUELA VALENTIN,

ECF CASE

                  Plaintiffs,

       - against -

07 Civ. 2940(GEL)

THE BRONX-LEBANON HOSPITAL
CENTER, ILIANA ROBINSON, M.D.,

                Defendant.
--------------------------------------------------X
THE BRONX-LEBANON HOSPITAL
CENTER,

       Third-Party Plaintiff,

       - against -

MORRIS HEIGHTS HEALTH CENTER,

       Third-Party Defendant.
--------------------------------------------------X

## MEMORANDUM OF LAW

SHAUB, AHMUTY, CITRIN & SPRATT, LLP
Attorneys for Defendant-Third-Party Plaintiff
The Bronx-Lebanon Hospital Center
Office and Post Office Address
1983 Marcus Avenue
Lake Success, NY 11042-1056
Telephone (516) 488-3300

TO: ALL PARTIES

{00399423.DOC}
00399423.1