

\\rhino\TrialWorks\CaseFiles\9808\Discovery\Discl of Expert Testimony\Rule 26 Expert Disclosure OB.doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

LUZ M. VEGA, an Infant by Her Parent And Natural Guardian, MANUELA VALENTIN,

Plaintiffs,

-against-

THE BRONX-LEBANON HOSPITAL CENTER, ILIANA ROBINSON,

Defendants.

------------------------------------------------------------X

THE BRONX-LEBANON HOSPITAL CENTER,

Third-Party Plaintiff,

-against-

MORRIS HEIGHTS MEDICAL CENTER,

Third-Party Defendant.

------------------------------------------------------------X

**ECF CASE**

07 Civ. 2940 (GEL)

**PLAINTIFF'S FRCP RULE 26(a) (2)**
**DISCLOSUE OF EXPERT TESTIMONY**

Plaintiff Luz. M. Vega, an Infant, by her Parent and Natural Guardian, Manuela Valentin, by and through her attorneys, Fitzgerald & Fitzgerald, P.C., 538 Riverdale Avenue, Yonkers, New York 10705, hereby provides its disclosure of expert testimony Rule 26(a) (2) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), as follows:

1. Plaintiff expects to call Robert Scanlon, M.D. as an expert witness at the trial of this action.

2. The qualifications of Dr. Scanlon are set forth in his curriculum vitae, a copy of which is annexed hereto as **Exhibit "A"**.

3. It is expected that Dr. Scanlon will testify consistently with the information

contained in his medical report attached hereto as **Exhibit B,** regarding the medical treatment rendered by the defendants and the consequences thereof.

4. It is expected that Dr. Scanlon will render his opinion, within a reasonable degree of medical and obstetrical certainty, as to the departures committed by the defendant and plaintiff's injuries, his expert diagnosis and causation as more explicitly set forth in his report annexed hereto as **Exhibit "B"**.

5. The grounds for Dr. Scanlon's testimony will be his review of the prenatal, obstetrical and newborn medical records, medical histories of plaintiffs, testimony at the depositions in this case, subsequent treatment records, the knowledge existing in the medical community regarding the standards of medical care at the time of treatment, together with the expert's own professional education, training, experience, knowledge, expertise, and education in this field, as well as any further testimony or evidence developed during discovery or at trial.

6. Annexed hereto as part of **Exhibit "A"** is a list of publications by Dr. Scanlon that have been published over the past ten (10) years.

7. Upon information and belief, Dr. Scanlon is not in possession of and does not maintain a list of cases in which he has testified as an expert at trial or by deposition within the past four years.

8. Dr Scanlon's testimony fee is $ 5000.00 for a full day's appearance in court. His fee for the medical record review and report is $ 350 per hour. Dr. Scanlon's hourly rate is $ 350.00 for deposition preparation and testimony at depositions.

9. Plaintiff reserves the right to supplement this response if and when additional information becomes known.

Dated: Yonkers, New York
May 9, 2008

FITZGERALD & FITZGERALD, P.C.
Attorneys for Plaintiff

By: John M. Daly (JD 8521)
538 Riverdale Avenue
Yonkers, New York 10705
Telephone: (914) 378-1010
Facsimile: (914) 378-1092
E-mail: jdaly@lawfitz.com

TO: SHAUB AHMUTY CITRON & SPRATT, LLP
Attorneys for Defendant/Third-Party Plaintiff
Bronx Lebanon Hospital Center
Attn: JOHN PATERNITI, ESQ
655 Third Avenue
New York, New York 10017
Telephone: (212) 599 – 8200
Facsimile: (212) 599 - 7765
E-mail: jpaterniti@sacslaw.com

JONES HIRSCH CONNORS & BULL, P.C.
Attorneys for Defendant
Iliana Robinson, M.D.
Attn: MICHAEL KELLY, ESQ
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 527-1000
Facsimile: (212) 527 -1680
E-mail: mkelly@jhcb.com
Alternative Telephone: (516) 535-5579

UNITED STATES ATTORNEYS OFFICE
Attorneys for Third-Party Defendant
Morris Heights Health Center, Inc.
Attn: PETER M. SKINNER, AUSA
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2601
Facsimile: (212) 637 – 2730
E-mail: peter.skinner@usdoj.gov

**EXHIBIT A**

# Curriculum Vitae

Robert F. Scanlon Jr., MD
29 Mayfair Drive
Huntington, New York 11743
rfsjr@optonline.net

## Education

| | |
|---|---|
| Bucknell University | BS Civil Engineering 1978 |
| Duke University | MBA 1981<br>Allied Chemical Fellowship |
| Wake Forest University | MD 1988<br>School President 1987 |

## Post Graduate Training

| | |
|---|---|
| University Hospital,<br>SUNY Stony Brook | Rotating Internship 1988-89<br>OB/Gyn Residency 1989-92<br>Chief Resident 1992-93 |
| Honors | Resident of the Year 1993<br>AOA Inductee 1989 |

## Professional Activity

| | |
|---|---|
| Sperry Rand Corporation | Design Engineer 1978-79 |
| Chemical Bank | Loan Officer 1981-83 |
| North Shore Medical Group | Physician 1994-present |
| Life Center of Long Island | Medical Director 1998-present<br>Board Member 2000-present |
| Aiding Infants and Mothers | President 2002-present |
| Maternal Life International | Maternal Health Director<br>Board Member 2006-present |

**Research Interests**

| | |
|---|---|
| University Hospital, SUNY Stony Brook | Epidural use in Labor, 1993<br>First Place Resident Research<br>HPV-Colposcopy, 1992<br>First Place Resident Research |
| Currently | Maternal Health Issues in the Developing World |

**Personal**

Married with three children

**EXHIBIT B**

Robert Scanlon, M.D.
Diplomat of the American Board of Obstetrics and Gynecology
29 Mayfair Drive
Huntington, New York
11743

Re: Vega, Luz M. INF
F&F #A02142

At your request I have performed an expert review of the Luz Vega case. I have had the opportunity to review medical records for this child as well as her mother, Manuela Valentin. My opinion is the result of my review of such records, as well as my education, knowledge, experience and training as a board certified obstetrician. I will begin my opinion with a comment on Manuela Valentin's prenatal care at the Morris Heights Health Center (MHHC) and then discuss her labor and the delivery of Luz Vega at the Bronx Lebanon Hospital (BLH).

At MHHC Ms. Valentin began her pre-natal care in February 1999. Her intake history is notable for:

- Three prior full term vaginal deliveries
- A last menstrual period of 10/3/98
- A prior treated kidney infection
- An allergy to penicillin
- A positive RPR

It is indicted that the positive RPR, a test that is performed to detect syphilis, resulted in treatment, initially at Metropolitan Hospital then at BLH.

Ms. Valentin prenatal chart indicates she was seen for 10 prenatal visits, had her prenatal lab work performed and on 2/18/99 underwent an obstetrical ultrasound. Of note is the fact that her last menstrual period gave her an estimated due date (EDD) of 7/10/99, however, after her ultrasound this EDD was changed to 7/16/99. I would disagree with this EDD change as an ultrasound done at 18 weeks of gestation, as this one was, is only accurate to approximately one week and no change in EDD was indicated. This change in EDD became significant when Ms. Valentin did not deliver by 7/17/99. By her original and correct EDD she would be one week past her expected delivery date and should have begun ante-partum testing (APT) at this point. This testing was not begun until 7/23/99. This testing, an amniotic fluid index (AFI) with a non-stress test (NST), resulted in an abnormal finding prompting a referral to BLH. Appropriately timed APT, that considered her original EDD of 7/10/99, could have resulted in earlier intervention. It should be noted that the abnormal finding, reported as a "NST NRx2" which usually indicates a non-reactive NST, is not available for review.

On 7/23/99, after Ms. Valentin had her abnormal testing, she was sent to BLH. The records indicate that by about 5 pm she had arrived at BLH and her fetus was being monitored with an external fetal heart monitor. My review of the fetal heart rate (FHR)

tracing from her presentation at BLH until approximately 10 pm when the decision was made to admit Ms. Valentin to the labor room is as follows:

- Baseline of about 120 beats per minute (BPM)
- Mostly minimum variability
- Absence of accelerations
- Presence of decelerations

This FHR tracing represents a nonreassuring pattern. Nonreassuring FHR patterns can indicate fetal hypoxemia. Given this nonreassuring FHR pattern and the fact that Ms. Valentin's fetus had achieved term and was remote from delivery, her cervix was only 3-4 cm dilated, this situation warranted delivery by cesarean section as soon as possible.

Ms. Valentin's admission did not result in a cesarean delivery. Instead, she underwent a trial of labor which resulted in the further deterioration of her fetus' status, as the FHR tracing will show, resulting in an infant born severely depressed. It is my opinion that the lack of a timely cesarean delivery resulted in long-term problems for this child.

Instead of performing a timely cesarean section the staff at BLH elected to allow labor to progress despite the nonreassuring FHR, and it should be noted that they made no attempts to reassure themselves of a healthy fetus. I saw no indication that a vibroacoustic stimulator was employed, saw no notation that fetal scalp stimulation was attempted and there is no evidence that a fetal scalp blood sampling procedure was utilized. Instead, the labor was allowed to progress as the FHR tracing became more worrisome. My review of the FHR tracing showed that, with an internal fetal scalp electrode in place, the FHR pattern deteriorated. The variability declined, the lack of accelerations persisted, decelerations began more frequent and eventually the baseline dropped into the bradycardia range. All of these are signs of a fetus deteriorating in utero.

Eventually, there was a bradycardia of the FHR to 60 BPM; this is documented at about 3:15 am on 7/24/99. There are no further FHR tracings to evaluate; the next event was a delivery in bed, at 4:07 am, of an infant with an initial apgar score of zero (absent heart rate, absent respiratory effort, flaccid muscle tone, no response to stimuli, a blue or pale color).

Luz Vega was born in the bed, essentially dead, with no pediatrician present and resuscitation equipment in another room.

In summary I believe that many departures from good, acceptable obstetrical care occurred in this case. I would like to highlight a few:

- Had the EDD not been altered, APT could have begun earlier resulting in earlier intervention
- A cesarean section was the indicated mode of delivery on admission to BLH
- There was a lack of additional testing to assure a healthy fetus in utero such as vibroacoustic stimulation, fetal scalp stimulation and fetal scalp blood sampling

- The deteriorating FHR pattern in labor was ignored
- There was a lack of a cesarean section for this deteriorating FHR pattern
- There was a lack of an urgent cesarean section for the fetal bradycardia of 60 BPM
- There was a lack of preparedness resulting in the birth of a severely depressed infant in bed, without a pediatrician and without resuscitation equipment

These departures injured Luz Vega.

My opinions are expressed to a reasonable degree of medical certainty.

Should additional information, such as the NST form MHHC or the FHR tracing after 3:15 am, become available I will review such information and offer a re-stated opinion.

Thank you for the confidence of your request.

Robert Scanlon, MD, D.A.B.O.G.

Robert Scanlon MD

## ATTORNEY DECLARATION OF SERVICE

The undersigned, an attorney admitted to practice law before the Courts of the State of New York and this Court, hereby declares under penalty of perjury that on May 9, 2008 he served the following document:

**Plaintiff's Rule 26(a)(2) Disclosure for Robert Scanlon, M.D.**

By First Class Mail upon:

SHAUB AHMUTY CITRON & SPRATT, LLP
Attorneys for Defendant/Third-Party Plaintiff
Bronx Lebanon Hospital Center
Attn: JOHN PATERNITI, ESQ
655 Third Avenue
New York, New York 10017
Telephone: (212) 599 – 8200
Facsimile: (212) 599 - 7765
E-mail: jpaterniti@sacslaw.com

JONES HIRSCH CONNORS & BULL, P.C.
Attorneys for Defendant
Iliana Robinson, M.D.
Attn: MICHAEL KELLY, ESQ
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 527-1000
Facsimile: (212) 527 -1680
E-mail: mkelly@jhcb.com
Alternative Telephone: (516) 535-5579

UNITED STATES ATTORNEYS OFFICE
Attorneys for Third-Party Defendant
Morris Heights Health Center, Inc.
Attn: PETER M. SKINNER, AUSA
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2601
Facsimile: (212) 637 – 2730
E-mail: peter.skinner@usdoj.gov

Dated: Yonkers, New York
May 9, 2008

John J. Leen (JL5550)